# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:08CV78 LG |
| | § | 1:06CR35 LG-JMR |
| WILLIE JAMES JONES | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Defendant, Willie James Jones, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his April 10, 2007, Judgment of Conviction and subsequent sentence for violation of 21 U.S.C. §841(a)(1). After consideration of Defendant's Motion, the Government's response, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be denied.

## FACTS AND PROCEDURAL HISTORY

On January 8, 2007, the Defendant entered a negotiated plea of guilty to a charge of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute five grams or more of cocaine base. As part of the plea agreement, Defendant waived his right to appeal the sentence or the manner in which it was imposed. In addition, he waived his right to contest the sentence in a post-conviction proceeding or by §2255 motion. Jones did not appeal his guilty plea or sentence.

In this § 2255 motion, Jones raises the following claims:

1) His counsel was ineffective because a) counsel did not interview potentially corroborating witnesses; b) counsel pressured him to plead guilty; c) counsel did not provide him a copy of the plea offer; d) counsel did not consult with him on the presentence report; e) counsel failed to inform him that his prior offenses could be challenged at sentencing; and f) counsel did not file an appeal.

2) The Court committed sentencing errors by accepting the drug quantity calculations of the probation officer and classifying him as a career criminal.

3) The enhancement provisions for cocaine base and crack are unconstitutional.

The Government has filed a general response including the affirmative defense of waiver. Jones's counsel, attorney Jim Davis, provided an affidavit and materials from his files detailing the course of his representation.

DISCUSSION

DEFENDANT'S WAIVER OF HIS RIGHT TO ASSERT CLAIMS UNDER 28 U.S.C. § 2255

When the Defendant entered his negotiated plea of guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or contest the sentence in any post-conviction proceeding.[1] A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction relief. *United States v. Wilkes,* 20 F.3d 651(5th Cir. 1994). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no

---

[1] Defendant's Plea Agreement, signed by him on November 17, 2006, provides in part:

15. Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights . . . hereby expressly waives the above rights and the following:

a. the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

b. the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. . . .

Ct. R. 101-2 p. 21-22.

question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994).

In this case, Defendant signed the plea agreement confirming that he had read the plea agreement or had it read to him, had it explained to him by his attorney, understood it and voluntarily agreed to and accepted it. Furthermore, the transcript of the plea hearing, conducted January 8, 2007, establishes that Defendant understood the terms of the plea agreement:

> THE COURT: Let me talk to you about your plea agreement for just a minute if we can. I've already noticed that you signed it. That's before it was filed of record. But before you signed your plea bargain, that plea agreement that you entered into with the government did you read it and go over it with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you understand all of the terms and conditions of your plea agreement with the government?
>
> THE DEFENDANT: Yes, sir. Pretty much, yes, sir.
>
> . . .
>
> THE COURT: Now, Mr. Jones, other than this written plea bargain that you've entered into with the government, has anyone made you any other types of promises or assurances of any kind in order to cause you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone forced you or threatened you or coerced you in any manner to cause you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: On page 6 of your plea agreement with the government, Paragraph 15(a) and 15(b), you are agreeing to waive, that means to give up certain very important and valuable rights. Under Paragraph 15(a), you are agreeing to give up the right to appeal

|                    | the conviction or to appeal the sentence in this case on any ground whatsoever; is that correct? |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Under Paragraph 15(b), you are agreeing to waive or to give up the right to contest the conviction and the sentence in this case or the manner in which the sentence is imposed in any post-conviction proceeding. Sometimes that's called habeas corpus; is that correct also? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Now, Mr. Jones, your right to appeal the sentence or to contest the sentence in a post-conviction proceeding, these are important rights. They're valuable rights that you are giving away as part of your plea bargain with the government. Have you fully discussed that aspect of your case with your lawyer, Mr. Davis? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has anyone made you any types of side offers or promises of any kind or threatened you in any way to cause you to waive or to give up these important and valuable rights? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Mr. Davis, have you counseled with your client in regard to his willingness to waive or to give up the right to appeal the sentence or to contest it in a post-conviction proceeding and are you satisfied that his waiver is knowing and voluntary? |
| MR. DAVIS: | Yes, sir, Your Honor. |

Based on the clear understanding of the plea agreement expressed by the Defendant, the Court will enforce the plea agreement, including Jones's waivers of his right to appeal a sentence imposed within the U.S. Sentencing Guideline range and his right to contest the sentence in a post-conviction proceeding, such as this § 2255 motion.

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Jones's voluntary decision to plead guilty, and the waivers contained in his plea agreement, served to waive all nonjurisdictional defects, including claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have affected the validity of the waiver, the guilty plea itself, or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). Also excluded from waiver are claims that counsel failed to file a notice of appeal when requested. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007). Some of Jones's claims implicate the voluntariness of his guilty plea, such as whether counsel interviewed potentially corroborating witnesses, pressured him to plead guilty, or provided him with a copy of the plea offer. Those claims of ineffective assistance of counsel will be analyzed under the *Strickland* standard.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), Jones must demonstrate both that: (1) his counsel's performance was deficient; and (2) counsel's deficient performance prejudiced his defense. *Id*. at 687. Counsel's performance was deficient if it "fell below an objective standard of reasonableness." *Id*. at 688. Judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689. A reviewing court should make every effort "to eliminate the distorting effects of hindsight" and to "evaluate the conduct from counsel's perspective at the time." *Id*.

Jones must demonstrate prejudice in addition to deficient performance. Deficient performance results in prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The

two prongs of the *Strickland* test need not be analyzed in any particular order. *See Goodwin v. Johnson*, 132 F.3d 162, 173 n.6 (5th Cir. 1998). If Jones fails to establish either prong of the *Strickland* test, then his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994); *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

In reviewing the § 2255 petition, the Court finds no statement of what defense to the charges Jones might have had, and what witnesses could have corroborated the defense. He only argues that his counsel should have conducted a "reasonable pretrial investigation." Ct. R. 89 p. 13. According to counsel's affidavit, he investigated Jones's prior conviction history, filed a motion to suppress the search of Jones's residence and a filed motion for production of any confidential informant's information. In light of the lack of any indication of what information counsel should have discovered but did not, the Court finds that Jones's guilty plea was not influenced by deficient representation by counsel.

Next, Jones asserts that counsel pressured him to plead guilty and did not provide him with a copy of the plea agreement. Counsel states that he met with Jones on numerous occasions, and it was Jones who brought up the prospect of a plea bargain. Attached to counsel's affidavit is a letter from Jones in which he states, "Before time runs out I would like to know if I can settle with a nice deal. What I'm asking is that you get with the DEA [sic] and we settle before going to trail [sic]." Ct. R. 101-2 p. 5. The letter has an August 9, 2006, postmark. Jones apparently changed his mind at some point, because in counsel's letter to him in October 2006, counsel states "I know you have no interest in pleading but, if all the other co-defendants are pleading you may want to re-evaluate your position." *Id*. at 8. The letter also relayed the current status of

counsel's plea negotiations, and the potential guideline level and sentencing range given Jones's criminal history. *Id.*

It appears that Jones did re-evaluate his position, because a letter from counsel dated November 2, 2006, included the Memorandum of Understanding, with a copy for Jones. *Id*. at 15. Counsel also gave an estimate of the potential sentencing range. Jones was instructed to sign the last page of the MOU and return it to counsel. *Id*. Jones's signature appears on the MOU, dated November 17, 2006. *Id*. at 23.

It is apparent that Jones's allegations in regard to the voluntariness of his guilty plea have no basis in fact. Not only did Jones state in open court that he had not been pressured to plead guilty, but the correspondence with his counsel shows that counsel advised, rather than coerced, Jones to plead guilty. Further, Jones stated in open court that he had received and reviewed the plea agreement. The correspondence with his attorney indicates the same. Jones has not shown that his guilty plea was rendered involuntary because of counsel's deficient performance under *Strickland*. It is not necessary for the Court to consider the remaining *Strickland* prejudice prong.

A claim that counsel did not file an appeal when requested is per se ineffective assistance of counsel, regardless of whether the right to appeal had been waived. *Tapp*, 491 F.3d at 265. The entirety of Jones's claim is that he did not appeal "because my attorney did not, and I told him to." Ct. R. 88 p. 3. Counsel's affidavit contradicts this statement. Counsel states that Jones,

> never requested that I appeal this conviction or sentencing because if he had I would have advised him of the contents of the memorandum of understanding, where he waived such appeals but he never asked me to appeal his conviction.

. . .

> The entire time I represented Jones went far beyond his sentencing date in April 2007. Mr. Jones never requested that I appeal his conviction.

Ct. R. 101-2 p. 2 (¶¶14, 18). Counsel's affidavit may properly be added to the court record, *United States v. Hardesty*, 166 F.3d 1222, *1 (10th Cir. 1999), and on this record, Jones fails to show that he requested that counsel file an appeal. Therefore, this issue does not entitle Jones to relief.

SENTENCING GUIDELINES CLAIMS NOT COGNIZABLE UNDER § 2255

As noted above, Defendant's § 2255 motion challenges the Court's calculations, findings of fact, and application of certain provisions of the Federal Sentencing Guidelines. It is well settled that claims based on alleged miscalculation or misapplication of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255. Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Payne*, 99 F.3d 1273 (5th Cir. 1996).

Further, Jones's constitutional challenge to the substantially greater penalty for possession of cocaine base or crack has been considered and rejected by the Fifth Circuit. *See United States v. Dawson*, 103 F.3d 125, *1 (5th Cir. 1996); *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). Accordingly, this claim does not entitle Jones to relief.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion of the Defendant, Willie James Jones, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed March 5, 2008, [88] should be **DENIED** without an evidentiary

hearing.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant, Willie James Jones, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed March 5, 2008, [88] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2009.

                                          s/ *Louis Guirola, Jr.*
                                          LOUIS GUIROLA, JR.
                                          UNITED STATES DISTRICT JUDGE